JUSTICE NELSON
dissents and specially concurs.
I dissent from our opinion on Issue 1 (other crimes evidence) and specially concur with our decision on Issue 2 (unanimity of the jury verdict).
Issue 1
Appellant’s abuse of his wife began, literally, on their honeymoon, two days after they were married, when Appellant punched, slapped and yelled at Cynthia after she expressed a desire to attend her stepfather’s funeral. Similar beatings occurred throughout the honeymoon trip and after the couple returned to Belgrade to live. The beatings were usually precipitated by a claim that Cynthia had talked to someone she should not have. Cynthia testified that her husband’s attacks were progressively more violent and that Appellant threatened to kill her on at least two occasions. This abuse culminated with the incidents for which Appellant was charged and which are described in our opinion. The Appellant conceded that he slapped Cynthia “a few times.” To the contrary, however, the physician who examined Cynthia in the emergency room testified that he found numerous bruises, tenderness and swelling on various parts of her body, including her face, stomach, shoulders, arm and ribs — some of those injuries consistent with her being hit with a piece of firewood.
We conclude that the evidence of Appellant’s pre-July 9th assaults on Cynthia was improperly admitted because, even though sufficiently similar for Rule 404(b) purposes to prove the issue in dispute, *80 such conduct was, nevertheless, not relevant to prove Appellant’s intent and motive in committing the charged offense which involved an assault with a weapon or reasonable apprehension of bodily injury from the use of a weapon. I disagree with our conclusion in this latter respect. Rather, I conclude that such evidence was relevant to prove Appellant’s motive and intent; that such evidence was, therefore, properly admitted; and that part three of the four part Just/Matt test was, thus, satisfied.
As our opinion correctly observes, we stated in Sadowski, that to be admissible as relevant to show motive or intent, the commission of the first crime or act should give rise to a motive or reason for the defendant to commit the second crime: Sadowski, 805 P.2d at 542. Again, keeping in mind that the Appellant admitted assaulting Cynthia but denied use of a weapon, (that being the only issue); and keeping in mind the progressively more violent nature of Appellant’s assaults on his wife between the time they were married and the time of the offense, the uncharged conduct was relevant to establish Appellant’s intent to actually cause bodily injury or cause reasonable apprehension of serious bodily injury to Cynthia. Given the progressively more violent history of their relationship, the jury could have inferred on the basis of the other crimes evidence that Appellant’s increasing level of violence, albeit without the use of a weapon, had not produced, at least in his mind, the result desired — i.e., Cynthia was still talking to people she should not be talking to. Accordingly, threatening Cynthia with a weapon or actually injuring her with a weapon was the next logical step necessary for Appellant to obtain control over his wife. In short, if slapping her around, punching her and threatening to kill her did not make a believer out of her, perhaps stabbing a 12-inch long serrated knife into a wall next to her face, threatening her with a jagged glass bottom and hitting her with a piece of firewood would.
I conclude that, under the facts of this case, the other crimes evidence was relevant, and thus admissible, as it tended to establish the motive and reason for Appellant’s use of a weapon in the charged assault. Accordingly, I dissent from our opinion on Issue 1.
Issue 2
In my view the problem with the jury instructions and the verdict form followed as the natural consequence of the manner in which the Appellant was charged in the amended information. The *81 offense of felony assault was charged in the amended information as follows:
Count 1: Felony Assault, in violation of Section 45-5-202(2)(a) and (b), MCA, committed on or about the night of July 9 to July 10, 1993, when the defendant purposely or knowingly caused bodily injury to Cynthia Weldy with a weapon when he hit her with a piece of firewood, causing pain, and when the defendant purposely or knowingly caused Cynthia Weldy to have reasonable apprehension of serious bodily injury by use of a weapon when he brandished a knife so that she would see it, hit her with a piece of firewood, and broke a glass and held part of the broken glass near her so that she would see it.
Section 46-11-404(1), MCA (1991), provides:
Two or more offenses or different statements of the same offense may be charged in the same charging document in a separate count, or alternatively, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same transactions connected together or constituting parts of a common scheme or plan. Allegations made in one count may be incorporated by reference in another count. [Emphasis added.]
In my view, at least, the proper interpretation of the statutory language is that while the prosecution has the discretion to charge different offenses or different statements of the same offense in one information, separate offenses and different statements of the same offense should be charged in separate counts. A prosecutor would not charge two or more different offenses in the same count — e.g., aggravated kidnapping, deliberate homicide and robbery all in count one of an information. By the same token, since the emphasized portion of the statute makes no differentiation between different offenses and different statements of the same offense, it logically follows that the statute contemplates that different statements of the same offense be charged each in a separate count as well. To interpret the language otherwise, would render the words “in a separate count” surplusage; all the statute would have had to say is that two or more offenses or different statements of the same offense may be charged in the same charging document.
Here, had the offenses of felony assault under § 45-5-202(2)(a), MCA, and under § 45-5-202(2)(b), MCA, been charged in separate counts as contemplated by the statute, the instructions and verdict *82 form would, more than likely, have followed appropriately from the way in which the amended information was drafted.
CHIEF JUSTICE TURNAGE and JUSTICE WEBER join in the foregoing dissent and special concurrence of JUSTICE NELSON.